IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:20-CV-00026-KDB-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. APPROXIMATELY $3,953 IN UNITED STATES CURRENCY, Defendant. | ORDER |

**THIS MATTER** is before the Court on the United States of America's Motion for Default Judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. *See* Doc. No. 8. The Court has carefully considered this motion and the full record of these proceedings. For the reasons discussed below, the Court will **GRANT** the motion.

## I. LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure governs the entry of default and default judgments in civil actions in Federal Court. Rule 55(a) states that the clerk must enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). If the clerk enters a default, the party may seek a default judgment under Rule 55(b). Rule 55(b) "authorizes the entry of a default judgment when a defendant fails 'to plead or otherwise defend' in accordance with the Rules." *United States v. Moradi,* 673 F.2d 725, 727 (4th Cir.1982); *United Community Bank v. McCarthy, et al.*, 2010 WL 2723726 (W.D.N.C. 2010).

1

## II.     FACTS AND PROCEDURAL HISTORY

This is an *in rem* civil forfeiture action filed pursuant to 18 U.S.C. § 981(a)(1)(C). The Government seeks forfeiture of $3,953 in United States currency seized during a traffic stop of James Chapman ("the Currency"). See Doc. No. 1. The Government contends that the Currency constitutes proceeds of bank fraud and bank fraud conspiracy in violation of 18 U.S.C § § 1344 and 1349 and is therefore subject to forfeiture. Following the filing of its detailed verified Complaint, the Government provided direct notice to James Chapman, Doc. No. 3, and notice by publication from February 26, 2020 through March 26, 2020 via www.forfeiture.gov. See Doc. 5. Based on that notice, the deadline for filing claims was April 26, 2020. No claims were filed for the Currency prior to the expiration of the time for filing claims. Accordingly, upon the Government's motion, the Clerk of Court issued an Entry of Default on April 30, 2020. Doc. Nos. 6, 7.

## III.     DISCUSSION

The government is entitled to a default judgment in this matter. No persons or entity have filed a claim or answer for the currency within the time required by the Complaint, direct notice or the Supplement Rules for Admiralty or Maritime Claim and Asset Forfeiture Actions. The admitted factual allegations contained in the Complaint thus establish that the defendant property is subject to forfeiture. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir.2001) (holding that a defaulting defendant is deemed to have admitted all of the well-plead factual allegations in the complaint). Accordingly, pursuant to Rule 55(b), the Court will grant the government's motion for Default Judgment as to the $3,953 in Currency seized from James Chapman during a traffic stop.

## IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Plaintiff's Motion for Default Judgment (Doc. No. 8) is **GRANTED;**

2. The Clerk is directed to enter a Default Judgment against the defendant currency; and

3. The defendant currency is hereby **FORFEITED** to the United States of America.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: May 7, 2020

Kenneth D. Bell
United States District Judge